## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAWN PIERRON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **WAL-MART LOUISIANA, LLC. AND** | * | **SECTION** |
| **ROBERT DOE UNKNOWN EMPLOYEE of** | * | |
| **WAL-MART LOUISIANA, LLC.** | * | **MAGISTRATE** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
      of the United States District Court
      for the Middle District of Louisiana

Defendant, Wal-Mart Louisiana, LLC (hereinafter referred to as "Walmart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.     Plaintiff filed his Petition for Damages on June 10, 2020, against Wal-Mart Louisiana, LLC and Robert Doe (Unknown Walmart employee "believed to be a resident of the State of Louisiana"). (*See* Plaintiff's Petition for Damages and Request for Notice, attached hereto and marked for identification as Exhibit "A").

2.     Wal-Mart Louisiana, LLC was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on June 24, 2020. (*See* Citation on Plaintiff's Petition for Damages attached hereto and marked for identification as Exhibit "B)

3.     The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Store located at

904 S. Range Ave., Denham Springs, Louisiana, on or about April 19, 2019.

4.     Plaintiff's Petition for Damages is silent as to the amount in controversy.

5.     Walmart filed its Answer to Petition for Damages, Request for Notice and Jury Demand in state court by facsimile on July 17, 2020. (*See* Walmart's Answer to Petition for Damages with Jury Demand and Request for Notice, attached hereto *in globo* and marked for identification as Exhibit "C").

6.     In Paragraph 7 of Plaintiff's Petition, plaintiff alleges that as a result of his incident at Walmart he sustained significant injuries; however, neither his actual alleged injuries, nor the extent of his alleged injuries were listed in the petition.

7.     In Paragraph 7 of Plaintiff's Petition, plaintiff alleges typical non-exclusive elements of damage: physical pain, suffering, and anguish (past, present, and future); mental fright, shock, fear and anguish (past, present and future); loss of enjoyment of life (past, present, and future); permanent residual diablity; medical expenses (past, present, and future); and, other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter

8.     On July 29, 2020, in response to written discovery served on the plaintiff by Walmart, plaintiff's counsel provided Walmart with medical records and invoices from plaintiff's healthcare providers. The medical records indicate that following the plaintiff's incident at Walmart, and allegedly as a result of the incident, he was initially diagnosed with multiple injuries, including, a right wrist sprain, lumbar spine sprain, sacroiliac joint sprain, segmental dysfunction of the lumbar spine and sacral region, lumbar pain, myalgia, shoulder pain, cervical radiculopathy, pain radiating to the right shoulder, cervicalgia, left ankle sprain, and insomnia.

9.    In May of 2019, plaintiff had an MRI of the cervical spine which identified a disc herniation at C4-5, and disc bulges at C6-7 and C3-4 levels. Plaintiff also had a lumbar MRI which identified a disc herniation at L5-S1 with contact on the left S1 nerve root. Following extensive chiropractic and physical therapy, and as a result of the MRI findings, the plaintiff was referred to a pain management doctor, who performed two lumbar epidural steroid injections, and at least one cervical epidural steroid injections.  The plaintiff was also referred to an orthopedic surgeon for further evaluation.

10.    Plaintiff's discovery responses identified twelve separate medical providers and partial medical charges that total $18,775.90 to date, but invoices were only produced for six of the twelve medical providers. Thus, the medical charges are likely substantially higher.

11.    Based on the alleged injuries and the medical records and bills produced by plaintiff in discovery Walmart contends that the amount in controversy exceeds $75,000.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

12.    28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

13.    The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the

3

removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

14.    Responding to Walmart's Request for Admissions on August 14, 2020, Plaintiff denied that his damages did not exceed $50,000.00, but objected to the Request for Admissions that his damages did not exceed $75,000.00, noting that Plaintiff "continues to treat for his injuries" and further noting that his medical specials to date total $18,105.90 based on the incomplete records in his possession. (*See* Plaintiff's Responses to Walmart's Requests for Admissions, attached hereto as Exhibit E).

15.    On July 29, 2020 plaintiff produced medical records for treatment received by the plaintiff for injuries alleged to have been sustained as a result of the Walmart incident, which likley places the amount in controversy in excess of $75,000.

16.    Plaintiffs' Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

17.    While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.    COMPLETE DIVERSITY

18.    Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in

Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

19.     Robert Doe (Unknown Walmart employee "believed to be a resident of the State of Louisiana") is a fictitious defendant named by the plaintiff in hopes of improperly defeating diversity in this case, and must be disregarded by the court for purposes of this removal.

20.     Plaintiff is a **resident of and domiciled** in the Parish of Livingston, State of Louisiana.

21.     Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant.

22.     This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by plaintiff's Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.     <u>WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.</u>

23.     Wal-Mart Louisiana, LLC. was served with the Petition through its agent for service of process, CT Corporation Systems, on June 24, 2020.

5

24.     Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy; however, Plaintiff's medical records, produced on July 29, 2020, document treatment to date, and medical expenses to date likley in in excess of $75,000.00, which places the amount in controversy in excess of the jurisditictional amount exclusive of interest and costs.

25.     This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of plaintiff's medical records on July 29, 2020 and is therefore timely under 28 U.S.C. § 1446(b).

26.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

27.     The Twenty-First Judicial District Court for the Parish Livingston, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

28.     No previous application has been made by Walmart in this case for the relief requested herein.

29.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana.  Pursuant to 28 U.S.C. §

1446(a), copies of "all process, pleadings, and orders served upon such defendant or defendants" are attached hereto as follows:

    a) Plaintiff's Petition for Damages and Request for Notice, attached hereto and marked for identification as Exhibit "A";

    b) Citation on Plaintiff's Petition for Damages attached hereto and marked for identification as Exhibit "B";

    c) Walmart's Answer to Petition for Damages with Jury Demand and Request for Notice, attached hereto *in globo* and marked for identification as Exhibit "C"; and

    d) Signed Jury Order, attached hereto and marked for identification as Exhibit "D".

    30. Petitioner, Wal-Mart Louisiana, LLC., desires and is entitled to **trial by jury** of all issues herein.

    WHEREFORE, defendant, Wal-Mart Louisiana, LLC hereby removes this action from the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Submitted by,

_____/s/ Isidro René DeRojas_____
**SIDNEY J. HARDY, T.A. (Bar No. 1938)**
**ISIDRO RENÉ DEROJAS (Bar No. 18182)**
**CHRISTOPHER JAMES-LOMAX (No. 37174)**
**DENMAN T. MIMS (Bar No. 38840)**
**McCRANIE, SISTRUNK, ANZELMO,**
    **HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: ird@mcsalaw.com
**ATTORNEYS FOR DEFENDANT**
***Attorneys for Defendant, Wal-Mart Louisiana, LLC***

7

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 27th day of August, 2020.

_____/s/ Isidro René DeRojas_____
ISIDRO RENE DEROJAS

8